**COMPANARO v. GONDOLFO et al.**

**No. 4714.**

Circuit Court of Appeals, Third Circuit.

July 27, 1932.

Harvey T. Satterthwaite, of Trenton, N. J., for appellant.

Wm. Reich, of Trenton, N. J., for appellees Gondolfo and Costognola.

I. Herbert Levy and Forman & Levy, all of Trenton, N. J., for appellee Pinto.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court reversing the order of a referee in bankruptcy and adjudging the appellees entitled to priority in the distribution of funds derived from the sale of the bankrupt's real estate.

The facts, stated in chronological sequence, may be summarized as follows:

On October 31, 1924, one Caponigro, later adjudged a bankrupt, contracted with Gondolfo and Costognola to have repairs and alterations made to premises possessed by him in Trenton, N. J. About November 7, 1924, Caponigro received a deed for the premises, which was duly recorded. On November 11, 1924, he contracted with Pinto to do the plumbing and heating work. December 15, 1924, Caponigro conveyed the premises to one Lettiere, subject to a first mortgage of $6,000. At that time, Gondolfo, Costognola, and Pinto, the appellees, were engaged upon their work. Lettiere created two additional mortgages, a second mortgage of $5,000 and a third mortgage of $5,000. The second mortgage was dated December 15, 1924, but was not recorded until January 24, 1925. Pinto completed his work about December 22, 1924, and Gondolfo and Costognola completed theirs in February, 1925. On January 24, 1925, Caponigro sold the second mortgage to Companaro for the sum of $3,800, and the assignment was acknowledged and recorded the same day. At the time of the purchase of the second mortgage, Companaro knew that Gondolfo, Costognola, and Pinto, the appellees, were making repairs and alterations to the premises. Caponigro promised Companaro to make settlement with the mechanics' lien creditors for the alterations and repairs not later than April 1, 1925. On February 24, 1925, two of the appellees, Gondolfo and Costognola, filed a mechanics' lien against the premises for $2,892. On April 15, 1925, Lettiere reconveyed the property to Caponigro. On April 16, 1925, the appellee Pinto filed a mechanics' lien for $2,589.50. On July 8, 1925, Caponigro was adjudged a bankrupt. On October 25, 1925, the trustee in bankruptcy, in accordance with a prior authorization, sold the property at public sale. Companaro purchased it, subject to the first mortgage of $6,000, for the sum of $7,000. He paid $2,000 in cash and secured the balance by giving a mortgage on other property owned by him. The proceeds of the sale were held by the trustee subject to the order of the court as to the validity, order of priority, and amount due Companaro and the appellees.

The referee in bankruptcy made an order that the $5,000 second mortgage held by Companaro was prior in lien to that of the appellees, the mechanics' lien creditors. The District Court vacated the order of the ref-

eree and adjudged the mechanics' liens of the appellees to be prior to the lien of Companaro's second mortgage. The referee based his conclusion on his interpretation of section 10 of the New Jersey Mechanics' Lien Act of 1898 (Comp. Stat. of N. J. 1910, vol. 3, p. 3301), which reads: "The lien given by this act shall be and is hereby extended to all buildings of whatever description erected or to be erected in this state and the lots or curtilages whereon the same are erected, for all debts contracted by the owners thereof, or by any other person with the consent of the owner or owners in writing, for work done or materials furnished in and for the repairing or alteration of any such building; provided, however, that said lien shall not be valid against a bona fide purchaser or mortgagee before said lien is filed in the office of the clerk of the county in which said lot or curtilage is situate; and provided further, that work done or materials furnished under contract in and for such repairs or alterations shall be liable to the said contractor alone, in the manner provided by the second section of this act."

▮▮ The section, as we interpret it, means that a mortgagee, in order to successfully assert priority over mechanics' lien creditors, must establish his status as a bona fide mortgagee. The term "bona fide" requires more than the giving of a valuable consideration. Two additional elements must be present, namely, the absence of notice and the presence of good faith. See United States v. California & O. Land Co., 148 U. S. 31, 42, 13 S. Ct. 458, 462, 37 L. Ed. 354, where the Supreme Court said: "The essential elements which constitute a bona fide purchase are, therefore, three: a valuable consideration, the absence of notice, and presence of good faith."

▮ Companaro, the purchaser of the mortgage, visited the property several times prior to the purchase and saw the men at work. His testimony that the men told him that they were being paid off each week was flatly denied by them, and is inconsistent with his own testimony that he had agreed with Caponigro that the latter was to pay for all the work by a specified date. It is therefore apparent that Companaro knew the lien creditors had not been paid at the time of the assignment to him of the mortgage.

We are of the opinion that Companaro failed to qualify as a bona fide mortgagee under the terms of the Mechanics' Lien Act.

We perceive no error in the order of the District Court.

Order affirmed.